UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
THOMAS & BETTS CORPORATION,            )
                                       )
       Plaintiff,                      )
                                       )
              v.                       )    Civil Action No. 10-11947-DPW
                                       )
NEW ALBERTSON'S, INC.,                 )
                                       )
       Defendant.                      )
_____)
                                       )
ALFA LAVAL, INC.,                      )
                                       )
       Third-Party Plaintiff,          )
                                       )
              v.                       )
                                       )
ACME INDUSTRIAL EQUIPMENT              )
COMPANY, et al.                        )
                                       )
       Third-Party Defendants.         )
_____)

REPORT AND RECOMMENDATION ON MOTION TO WITHDRAW AS COUNSEL FOR
THIRD-PARTY DEFENDANT ACME INDUSTRIAL EQUIPMENT COMPANY
[Docket No. 340]

October 24, 2013

BOAL, M.J.

On July 12, 2013, counsel for third-party defendant Acme Industrial Equipment

Company ("Acme") filed a motion to withdraw as counsel.  Docket No. 340.  The Court held a

hearing on the motion on October 9, 2013. For the reasons detailed below, this Court recommends that the District Court grant the motion.[1]

I.      Background And Procedural History

This litigation concerns various claims associated with the costs of remediating polychlorinated biphenyls ("PCBs") from the streambanks and streambed of Mother Brook in the Hyde Park neighborhood of Boston, Massachusetts. On November 12, 2010, plaintiff Thomas & Betts Corporation ("T&B") commenced this action against New Albertson's, Inc. ("New Albertson"). Docket No. 1. The complaint alleges that New Albertson breached a 2007 contract with T&B concerning the cleanup of a contaminated section of Mother Brook, a man made canal running through a portion of Hyde Park. New Albertson filed an answer and a counterclaim for contribution, reimbursement and or/equitable allocation under the Massachusetts Oil and Hazardous Material Release Prevention Act, M.G.L. c. 21E ("Chapter 21E"). Docket No. 7. In response, T&B filed a counterclaim asserting claims under Chapter 21E against New Albertson. Docket No. 12. Subsequently, a number of third-party claims and cross-claims have been brought in this case, including third-party claims against Acme. See Docket No. 205.

Acme was served with the third-party complaint in October 2012. Acme filed an answer to the third party complaint on or about December 20, 2012 and an answer to the amended third-

---

[1] On January 24, 2011, this case was referred to this Court for full pretrial proceedings. As explained below, if counsel is permitted to withdraw from its representation of Acme and Acme does not retain substitute counsel, the practical effect may be a default against Acme, which, as a corporation, may not appear pro se. The Court therefore issues a report and recommendation given the potentially dispositive nature of the motion.

party complaint on February 6, 2013.  Docket Nos. 282, 300.  Fact discovery is set to close on January 31, 2014.  See Docket No. 370.

On July 12, 2013, Robinson & Cole, LLP, counsel for Acme, filed a motion to withdraw.  Docket No. 340.  Robinson & Cole states that Acme was dissolved on May 31, 2007 by the Office of the Secretary of State.  Motion at 1 n. 1.[2]  Acme has not filed an annual report with the Secretary of State since January 11, 2000.  Id.  Acme has not been operating since at least 2000.  Id.  Acme has requested that Robinson & Cole withdraw from representing it in this litigation and that Robinson & Cole not take any further action in this matter.  Id. at ¶ 1.  Robinson & Cole also states that there has been an irreconcilable breakdown of the attorney-client relationship which would impair further representation of Acme.  Id. at ¶ 2.

The Court heard oral argument on the motion to withdraw on October 9, 2013.  No party has filed an opposition to Robinson & Cole's motion.  Alfa-Laval, Inc., the party who sued Acme as a third-party defendant, does not object to Robinson & Cole's motion to withdraw.  See Motion at ¶ 6.  At the hearing, Robinson & Cole stated that it understood that Acme does not intend to retain new counsel.

II.     Analysis

Pursuant to Local Rule 83.5.2, an attorney may withdraw from a case by serving a notice of his withdrawal on his client and all other parties, provided that: (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled,

---

[2] "Motion" refers to Motion to Withdraw as Counsel for Third-Party Defendant Acme Industrial Equipment Company.  Docket No. 340.

and no reports, oral or written, are due.  LR 83.5.2(c).  Because counsel's notice was not accompanied by notice of the appearance of other counsel, counsel may withdraw only with leave of court.  Id.

An attorney's motion to permissively withdraw "is a matter addressed to the discretion of the trial court."  Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985).  In considering a motion to withdraw, a court may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal in the efficient administration of justice.  Sharp v. Verizon Delaware, Inc., No. 11-1209-RGA-CJB, 2012 WL 6212615, at *2 (D. Del. Dec. 12, 2012) (citations omitted).

The case is still at a relatively early stage, as fact discovery does not close until January 31, 2014.  No motions are pending before the Court concerning Acme.  Acme has requested that Robinson & Cole cease to represent it in this matter and Robinson & Cole has represented that there has been an irreconcilable breakdown in the relationship.  "There is no requirement of law or common sense that a court compel counsel to continue to represent a [] client when there has been a termination of the attorney-client relationship before trial by mutual consent."  Andrews, 780 F.2d at 135.  More importantly, however, corporations are unable to appear pro se, and the court will not recognize the appearance of a firm or corporation unless it is accompanied by the appearance of at least one attorney.  LR 83.5.2(d); Rowland v. California Men's Colony, 506 U.S. 194, 201-2 (1993); Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 374 (D. Mass. 2000).  Therefore, if it intends to defend against Alfa Laval's claims, Acme must retain successor counsel or it may well face default judgment.  Hasbro, Inc. v. Serafino, 966 F. Supp.

108, 110 (D. Mass. 1997). In response to the Court's questions at the hearing, Acme's counsel represented that she had explained to Acme that it could not appear pro se but that nevertheless it does not intend to hire new counsel.

III.     Recommendation

Based on the information presented and for the reasons contained herein, this Court recommends that the District Court allow Robinson & Cole's motion to withdraw provided as follows:

1. Robinson & Cole shall provide a copy of this order to Acme;

2. Robinson & Cole shall file a status report indicating the manner and date by which it provided Acme with a copy of this order, as well as contact information for Acme, including an address and telephone number; and

3. Acme shall have thirty days to obtain successor counsel and/or file with this Court a status report with regards to its efforts to do so. If Acme does not obtain successor counsel and/or file a status report within the specified time frame, then Alfa Laval may file a motion for default.

IV.     Review By District Judge

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge