UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
THOMAS & BETTS CORPORATION,            )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )      Civil Action No. 10-11947-DPW
                                       )
NEW ALBERTSON'S, INC.,                 )
                                       )
          Defendant.                   )
_____)

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION
TO AMEND COURT'S ORDER REGARDING CROSSCLAIMS
[Docket No. 386]

February 10, 2014

Boal, M.J.

Certain defendants[1] have moved to amend the Court's order dated September 18, 2012

(Docket No. 227) (the "Crossclaims Order") to expressly include counter- and crossclaims

asserting the right to recover litigation costs and attorneys' fees under M.G.L. c. 21E, § 4A(f)

("Section 4A(f)").  Docket No. 386.[2]  Plaintiff Thomas & Betts Corporation ("T&B") opposes

the motion.  Docket No. 392.  For the following reasons, this Court recommends that the District

_____

[1] The following defendants filed the motion: New Albertson's Inc., Jewel Food Stores, Inc., Star Markets Company, Inc., Hyde Park Manager, as Administrative Trustee of W/S Cardinal Hyde Park-MA Trust, Siemens Industry, Inc., Allis-Chalmers Energy, Inc., Boston Renaissance Charter School, Inc., Boston Renaissance Charter Public School, Alfa Laval, Inc., Dampney Company, Inc., and Jeanette Yukon as General Partner of the Yukon/Hyde Park Limited Partnership.  For convenience, when referring to these defendants, the Court will refer to them collectively as the "Defendants."

[2] On January 24, 2011, this case was referred to this Court for full pretrial proceedings.

-1-

Judge assigned to this case grant the motion.[3]

I.      FACTUAL AND PROCEDURAL BACKGROUND

The action concerns the responsibility for the costs of addressing the release of PCBs into the soil and sediment of the banks and streams of Mother Brook, a man made canal running through a portion of Hyde Park.  T&B is the owner of property along the north bank of Upper Mother Brook, which was the former site of L.E. Mason Company.  (Complaint, ¶¶ 4-5).  T&B seeks to recover over $14 million allegedly spent remediating the release of PCBs to the streambed and banks of Mother Brook.  The Defendants contend that T&B is responsible for these costs, and that the source and cause of the contamination of Mother Brook was the L.E. Mason facility.

On November 12, 2010, T&B commenced this action against New Albertson.  Docket No. 1.  The complaint alleges that New Albertson breached a 2007 contract with T&B concerning the cleanup of a contaminated section of Mother Brook.  New Albertson filed an answer and a counterclaim for contribution, reimbursement and or/equitable allocation under the Massachusetts Oil and Hazardous Material Release Prevention Act, M.G.L. c. 21E ("Chapter 21E").  Docket No. 7.  In response, T&B filed a counterclaim asserting claims under Chapter 21E against New Albertson.  Docket No. 12.

On April 15, 2011, New Albertson filed a motion for an order directing the parties to engage in the M.G.L. c. 21E, § 4A dispute resolution procedures and to stay the litigation while the parties completed that process.  M.G.L. c. 21E, § 4A sets forth detailed procedures by which

---

[3] The pending motion is a dispositive pretrial matter and, therefore, the Court issues a report and recommendation.  See Johnson v. Spencer Press of Maine, 211 F.R.D. 27, 28 n. 1 (D. Me. 2002).

a private party who has "undertaken, is undertaking, or intends to undertake" response actions in order to remedy a release of hazardous materials may obtain reimbursement for, or contribution towards, the cost of any such actions.  Section 4A further provides that "[o]nly after notice has been given and after the procedures described in this section have been carried out, any person who has given notice pursuant to this section may commence a civil action in the Superior Court . . ."  M.G.L. c. 21E, § 4A(c).  The purpose of c. 21E, § 4A is to "encourage parties to settle environmental liability suits without formal litigation proceedings."  Rudnick v. Hosp. Mtg. Group, Inc. 951 F. Supp. 7, 9 (D. Mass. 1996).

This Court denied New Albertson's motion on August 9, 2011.  Docket No. 25.  The Court found that T&B was not required to comply with the pre-suit dispute resolution procedures because its Chapter 21E claims were asserted as compulsory counterclaims to New Albertson's pleading.  Id. at 6.

Following denial of New Albertson's motion, a number of third-party claims and cross-claims were brought in this case.  Of all of the parties in this action, only Alfa Laval, Boston Renaissance Charter School, Inc., and Boston Renaissance Charter Public School asserted claims under Section 4A(f).  Docket Nos. 133, 134, 141, 142, 154-56.  Those claims were first asserted in February 2012.

On May 1, 2012, the Court entered a scheduling order extending the deadline to amend pleadings to May 25, 2012.  Docket No. 180 at ¶ 2.  On May 25, 2012, all of the parties that had appeared in the litigation to date filed a Joint Motion for Order Regarding Crossclaims.  Docket No. 188.  The Court granted the motion on September 18, 2012.  Docket No. 227.  Pursuant to the Order:

1.       In this action, all parties are deemed to have asserted crossclaims for Contribution under G.L. c. 21E, §§ 4 and 4A and claims for declaratory relief against all other parties, except between related parties (Boston Renaissance Charter School, Inc. and Boston Renaissance Public Charter School; Star Markets, Jewel, and Hyde Park).

2.       In this action, each of the parties is deemed to have denied such crossclaims for Contribution pursuant to G.L. c. 21E, §§ 4 and 4A, and denied all claims for declaratory relief.

3.       In this action, each of the parties is deemed to have asserted any and all defenses to such crossclaims and claims for declaratory relief that they may have asserted in their answers and counterclaims they have filed in this matter.  Any additional defenses that any party wishes to assert in response to such counterclaims shall be filed within 14 days of entry of the Court's order.

4.       **All other crossclaims based on any other theory must be independently filed within 14 days of entry of the Court's order.**

Docket No. 188 at 2-3 (emphasis added).  Accordingly, the deadline for any amendments to add crossclaims "based on any other theory" or any additional defenses was October 2, 2012.

On December 24, 2013, the Defendants filed the instant motion.  Docket No. 386.  T&B filed an opposition on January 7, 2014.  Docket No. 392.  The Court heard oral argument on January 8, 2014.

II.    ANALYSIS

The Defendants seek an order amending the Crossclaims Order to deem cross-and counterclaims pursuant to Section 4A(f) to be asserted and denied by all parties.  For the following reasons, the Court recommends that the District Judge grant the motion.

After a responsive pleading has been served, a party may amend its pleading only by consent of the other parties or leave of court.  Fed. R. Civ. P. 15(a)(2).  Although the court "should freely give leave when justice so requires," id., "the liberal amendment policy prescribed

by Rule 15(a) does not mean that leave will be granted in all cases." <u>Invest Almaz v. Temple-Inland Forest Prods. Corp.</u>, 243 F.3d 57, 71 (1st Cir. 2001) (internal quotation marks omitted). For example, leave to amend need not be granted if the amendment would be futile or reward undue delay. <u>Abraham v. Woods Hole Oceanographic Inst.</u>, 553 F.3d 114, 117 (1st Cir. 2009) (citations omitted).

Moreover, after the deadline set forth in the scheduling order for filing an amendment has passed, the "freely given" standard is replaced by the more demanding "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure. <u>Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.</u>, 524 F.3d 315, 327 (1st Cir. 2008). The purpose of limiting the period for amendment is to assure "that at some point both the parties and the pleadings will be fixed." Adv. Comm. Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b). It is incumbent upon the party moving to amend in such circumstances to explain the reason for the late filing. "[I]ndifference by the moving party seal[s] off this avenue of relief . . . because such conduct is incompatible with the showing of diligence necessary to establish good cause." <u>O'Connell v. Hyatt Hotels of P.R.</u>, 357 F.3d 152, 155 (1st Cir. 2004) (internal quotation marks omitted).

T&B argues that the Defendants' motion simply comes too late. <u>See</u> Docket No. 392 at 9-12. It also argues that the requested amendment would unduly delay the litigation, require additional discovery, and prejudice T&B. <u>Id.</u> at 13-16. Finally, T&B argues that the proposed Section 4A(f) claims are unavailable in this case. <u>Id.</u> at 16-17. The Court believes that this is a close call. Nevertheless, after considering all of the relevant factors, it concludes that the proposed amendment should be allowed.

It is true that the Defendants' motion comes approximately nineteen months after the

deadline to amend pleadings and sixteen months after the Court entered the Crossclaims Order.

However, the Defendants have represented that they did not have a basis for asserting Section

4A(f) claims until much more recently, when T&B served answers to written discovery requests.

See Docket No. 387 at 4.  T&B argues that because Section 4A(f) claims are based upon

plaintiff's conduct at the time the complaint is filed, the Defendants should have pled this claim

at the outset of the case.  Docket No. 392 at 9-10.  While it may be true that such claims are

based on T&B's conduct at the time of the filing of the complaint, it does not necessarily follow

that the Defendants were aware at that time that they had a reasonable basis for asserting such

claims.  T&B also argues that because three of the Defendants actually asserted Section 4A(f)

claims at the outset of the case, the other Defendants should have also raised them at that time.

Id. at 10-11.  However, just because some of the Defendants may have had a basis for asserting

such claims at the outset of the case does not mean that all Defendants had a basis for doing so at

that time.

     With respect to T&B's arguments that amendment would delay the case and prejudice

T&B, the Court notes that discovery is still ongoing.  The fact discovery deadline is March 14,

2014.  Docket No. 395 at ¶ 2. The Defendants have represented that they do not intend to take

additional discovery regarding Section 4A(f) claims.  Although T&B states that it will need to

conduct additional discovery, it did not provide specifics about the kinds of discovery it would

need in order to prosecute and/or defend Section 4A(f) claims.  In any event, T&B is free to

pursue discovery within the limits set in the Scheduling Order.  Because the deadline for serving

written discovery requests has passed, and it is not clear whether T&B has reached the limits on

the number of written discovery requests allowed by the Scheduling Order, the Court will allow

T&B to serve up to five interrogatories and three requests for documents on each of the other

parties limited to the issues raised by the Section 4A(f) if the District Court adopts this report

and recommendation.

Finally, T&B argues that the proposed Section 4A(f) claims are unavailable in this case

because the Court previously held that T&B was relieved from having to comply with Section

4A's pre-suit dispute resolution procedures.  Docket No. 392 at 17.  Section 4A(f) provides for

the recovery of attorneys' fees if the Court finds that:

> (1) the plaintiff did not participate in negotiations or dispute resolution in good
> faith; (2) the plaintiff had no reasonable basis for asserting that the defendant was
> liable; and (3) the plaintiff's position with respect to the amount of the
> defendant's liability pursuant to the provisions of this chapter was unreasonable.

M.G.L. c. 21E, § 4A(f).  At oral argument, the Defendants clarified that they do not seek to bring

any Section 4A(f) claims under subsection (1) but they intend to bring claims under subsections

(2) and (3).  To the extent that T&B is suggesting that none of the subsections of Section 4A(f)

apply when the parties have not engaged in the pre-suit dispute resolution procedures, it has not

cited, and this Court has not found, any legal support for that assertion.  Accordingly, the Court

recommends that the District Court grant the Defendants' motion.

## III.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this

case grant the Defendants' motion to amend the Court's order regarding crossclaims.

## IV.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report

and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hospital</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge